# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342

41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

January 24, 2019

<u>Via ECF</u>

Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
      *WEI et al. v JING FU HOUSE d/b/a Jing Fu House et al., 18-cv-04085*

Dear Judge Irizarry:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

### I.   Background

Plaintiff JIAREN WEI was employed by Defendants JING FU HOUSE d/b/a Jing Fu House and KONG FU CHEN, and LI NA CHEN, (collectively, "Defendants"),

This lawsuit was originally filed on July 17, 2018, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid spread-of-hours premium, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the

Hon. Dora L. Irizarry
Page 2

employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Thirty-Two Thousand Dollars ($32,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one- and one-half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff JIAREN WEI claimed that he worked approximately seventy-four (74) hours on average each week from December 30, 2017 to July 10, 2018; and he was paid Two Thousand Five Hundred Dollars ($2,500.00) per month from December 30, 2017 to January 29, 2018; Two Thousand Six Hundred Dollars ($2,600.00) per month from

Hon. Dora L. Irizarry
Page 3

January 30, 2018 to February 28, 2018; and Two Thousand Seven Hundred Dollars ($2,700.00) per month from March 01, 2018 to July 10, 2018.

Plaintiff JIAREN WEI's overtime compensation shortfall without liquidated damages under the FLSA was Twenty-One Thousand Five Hundred Sixteen Dollars And Sixty-Eight Cents ($21,516.68) and his minimum wage, overtime compensation and spread-of-hour shortfall under the NYLL was Twenty-Four Thousand Forty-Eight Dollars And Five Cents ($24,048.05). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and One Thousand Six Hundred Eleven Dollars And Thirty-Five Cents ($1,611.35) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Fifty-Nine Thousand Seven Hundred Seven Dollars And Forty-Five Cents ($59,707.45). Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Thirty-Two Thousand Dollars ($32,000.00) inclusive of attorney fees of the Plaintiff's counsel.

**B. Defendants' Assessment**

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked and amount of compensation.

Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

Hon. Dora L. Irizarry
Page 4

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Thirty-Two Thousand Dollars ($32,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of One Thousand Seventy-Six Dollars ($1,076.00). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Thirty Thousand Nine Hundred Twenty-Four Dollars ($30,924.00).

Of the Net Settlement Amount, One Third (1/3), or Ten Thousand Three Hundred Eight Dollars ($10,308.00), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand Seventy-Six Dollars ($1,076.00) for a total of Eleven Thousand Three Hundred Eighty-Four Dollars ($11,384.00). Of the Net Settlement Amount, Two Thirds (2/3), or Twenty Thousand Six Hundred Sixteen Dollars ($20,616.00) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

**TROY LAW PLLC**
*Attorneys for Plaintiffs*


/s/ John Troy
John Troy, Esq.
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel.: 718 762 1324

**HEIFERMAN & ASSOCIATES, PLLC**
*Attorneys for Defendants*

/s/ Justin L. Heiferman
Justin L. Heiferman, Esq.
136-20 38th Ave., Suite 3A1-105
Flushing, New York 11354
Tel: (718) 888-9545